UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 50 WATERVILLE STREET TRUST, LLC ) | 3:21-CV-00368 (KAD) |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| VERMONT MUTUAL INSURANCE ) | |
| COMPANY ) | JUNE 21, 2021 |
| *Defendant*. ) | |

## MEMORANDUM OF DECISION
### RE: MOTION TO DISMISS, ECF NO. 9

Kari A. Dooley, United States District Judge:

Before the Court is Defendant-Vermont Mutual Insurance Company's motion to dismiss Counts Three and Four of Plaintiff-50 Waterville Street Trust, LLC's complaint. Therein, Plaintiff alleges that it is owed monies for a claim made on an insurance policy issued by the Defendant to the Plaintiff, for water damage to its rental property. Plaintiff's complaint sounds in four counts: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), and (4) a violation of Connecticut Unfair Trade Practices Act ("CUTPA").

For the reasons set forth below, the motion is GRANTED.

**Background & Procedural History**

Plaintiff, a limited liability company whose sole member is a citizen of Connecticut, owned a one-family dwelling unit in Waterbury, Connecticut. (Notice of Removal ¶ 3; Compl. ¶ 4, both at ECF No. 1.) Plaintiff rented this dwelling to a long-term tenant, who occupied the property for over five years and until October 2019. (Compl. ¶ 7.) Plaintiff evicted the tenant, who moved out on October 22, 2019. (Compl. ¶ 8.) The next day, Plaintiff became aware of water-damage to the

unit, and, and on November 11, 2019, Plaintiff proceeded to file an insurance claim with Defendant, Plaintiff's business insurer and a Vermont corporation with its principal place of business in Montpelier, Vermont. (Notice of Removal ¶ 4; Compl. ¶ 10.) Plaintiff alleges that the dwelling incurred an outstanding water bill of at least $9,000 as well as damage to the walls, floors, and pipes of the dwelling. (Compl. ¶¶ 11, 12.) Plaintiff, who has met all of its obligations under the insurance policy, also claims that it lost rent because of the damage and the time needed to make repairs. (Compl. ¶¶ 13, 16.) The Defendant denied the Plaintiff's claim and has not paid the Plaintiff for its losses. (Compl. ¶¶ 14, 21.)

Plaintiff initially brought this action in Connecticut state court on March 5, 2021. (ECF No. 1.) Defendant, representing that the amount in controversy exceeded $75,000, invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and timely filed a notice of removal on March 17, 2021. (ECF No. 1.) This motion to dismiss followed on March 22, 2021 and was fully briefed on April 20, 2021. (ECF Nos. 8–11.)

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556

2

U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Discussion**

In its motion to dismiss, Defendant first argues, as to Count Three, that there is no private right of action under CUIPA and plaintiffs asserting CUIPA violations must do so in the context of a CUTPA claim. As to Count Four, which is a CUTPA claim predicated on a CUIPA violation, Defendant argues that Plaintiff has failed to allege sufficient facts tending to show that Defendant engaged in a "general business practice" as required under CUIPA.

"In Connecticut, the interplay between the CUTPA and CUIPA statutes is now well-settled." *MC1 Healthcare, Inc. v. United Health Group, Inc.*, No. 3:17-cv-01909 (KAD), 2019 WL 2015949, at *8 (D. Conn. May 7, 2019). CUIPA does not support a private right of action, but individuals may bring a CUTPA claim for violations of CUIPA. *Id.* (citing *Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, 317 Conn. 602, 623 (2015)). Accordingly, Count Three is dismissed.[1]

Count Four of the Complaint, however, is an appropriately styled CUTPA claim predicated on a CUIPA violation. Therein, Plaintiff first re-incorporates the allegations in Count Three, which detail the purported CUIPA violations, specifically violations of Conn. Gen. Stat. §§ 38a-816(6),[2] dealing with unfair settlement practices. The CUTPA/CUIPA count thus alleges that Defendant delayed paying the Plaintiff for damages to the dwelling unit despite ample opportunity to do so,

---

[1] None of the cases relied upon by Plaintiff post-dates the *Artie's Auto Body* decision in which the Connecticut Supreme Court stated: "CUIPA, which specifically prohibits unfair business practices in the insurance industry and defines what constitutes such practices in that industry . . . does not authorize a private right of action but instead empowers the commissioner to enforce its provisions through administrative action." *Artie's Auto Body, Inc.*, 317 Conn. at 623. Indeed, Plaintiff does not cite nor address this decision. And whether this pronouncement is binding or mere dictum, *see Krausman v. Liberty Mutual Insurance Co.,* 2019 WL 4860649, at *2, 69 Conn. L. Rptr. 205 (Conn. Super. Ct. Sept. 11, 2019), the Court has not located a single case in which a private right of action under CUIPA was found to exist following the *Artie's Auto Body* decision.

[2] Plaintiff specifically alleges violations of Conn. Gen. Stat. §§ 38a-816(6)(B), (C), (D), (F), (G), and (N).

3

that Defendant engaged in actual or constructive fraud, that Defendant used the "Proof of Loss" procedure as a delaying tactic, and that Defendant "forced the Plaintiff to participate in an examination under oath, document production, and other investigation, which Defendant responded to with a denial without justification." (Compl. ¶¶ 19–21.)

Missing from the Complaint though, is any indication that Defendant's conduct constituted a "general business practice" or injured anyone other than Plaintiff, as required for a CUTPA claim premised on these types of CUIPA violations. "A claim of 'unfair settlement practice' requires that the plaintiff prove that 'the defendant has committed the alleged proscribed act with sufficient frequency to indicate a general business practice.'" *Roberts v. Liberty Mut. Fire Ins. Co.*, 264 F. Supp. 3d 394, 415 (D. Conn. 2017) (citations omitted); *see also* Conn. Gen. Stat. 38a-816(6) ("The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance . . . (6) Unfair claim settlement practices. Committing or performing with such frequency as to indicate a *general business practice* any of the following . . .") (emphasis added). While there may be some disagreement in Connecticut state courts as to the specificity required to sufficiently plead a "general business practice," *see Tucker v. Am. Int'l Group*, 179 F. Supp. 3d 224, 230 n.10 (D. Conn. 2016) (citations omitted), federal courts are bound to ensure that a party's pleadings "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Belz v. Peerless Ins. Co.*, 46 F. Supp. 3d 157, 166 (D. Conn. 2014) ("[T]he appropriate consideration is whether the plaintiff has made facially plausible factual allegations that, in the circumstances of the particular case, the defendant has engaged in the alleged wrongful acts enough to suggest it has a general business practice of doing so.").[3]

---

[3] In making this assessment, "[r]elevant factors may include: the degree of similarity between the alleged unfair practices in other instances and the practice allegedly harming the plaintiff; the degree of similarity between the

Notwithstanding, Plaintiff argues that its contention that "insureds," plural, have suffered the Defendant's alleged violations is sufficient to survive a motion to dismiss. But simply pleading that "settlements," "claims," and "insureds"—as opposed to the one "settlement," "claim," and "insured" before the Court—either are or suffered CUIPA violations is insufficient to move Plaintiff's accusation of a general business practice from a "mere possibility" to a plausible allegation. *See Iqbal*, 556 U.S. at 679. This conclusion is especially apt where the reference to "settlements," "claims," and "insureds" in Plaintiff's Complaint appear to merely track the statutory language and do not otherwise offer a fact-based assertion. *Compare* Conn. Gen. Stat. §§ 38a-816(6)(B), (C), (D), (F), (G), and (N). Plaintiff's additional assertion that practices resulting from the implementation of an unfair policy is synonymous with a general business practice is equally conclusory. Indeed, the CUIPA allegations are little more than "[t]hreadbare recitals of the elements of a cause of action" that do not suffice to meet the Rule 8 pleading standard. *See Iqbal*, 556 U.S. at 678.

Finally, Plaintiff argues that whether Defendant has engaged in "general business practices" that violate CUIPA is a question of fact that is more appropriately addressed after discovery. But that is not the law. *See id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

---

insurance policy held by the plaintiff and the policies held by other alleged victims of the defendant's practices; the degree of similarity between claims made under the plaintiff's policy and those made by other alleged victims under their respective policies; and the degree to which the defendant is related to other entities engaging in similar practices." *Belz*, 46 F. Supp. 3d at 166. Here, the Court cannot even undertake this analysis given the paucity of allegations that might implicate a general business practice.

**Conclusion**

For the forgoing reasons, Defendant's motion is GRANTED and Counts Three and Four are DISMISSED. Because the CUTPA claim is dismissed, so too is the request for relief premised thereon.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of June 2021.

                                             */s/ Kari A. Dooley*
                                             KARI A. DOOLEY
                                             UNITED STATES DISTRICT JUDGE